IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HONORABLE TERRY PETTEWAY, | § | |
| HONORABLE DERRECK ROSE, | § | |
| HONORABLE MICHAEL MONTEZ, | § | |
| HONORABLE PENNY POPE, | § | |
| HONORABLE SONNY JAMES, | § | |
| HONORABLE STEPHEN HOLMES, | § | |
| HONORABLE PATRICK DOYLE and | § | |
| ROOSEVELT HENDERSON, | § | |
| *Plaintiffs* | § | Civil Action No._____ |
| | § | |
| vs. | § | |
| | § | |
| GALVESTON, TEXAS; and | § | |
| MARK HENRY, in his capacity as | § | |
| Galveston County Judge | § | |
| | § | |
| *Defendants* | | |

### AFFIDAVIT OF DERRECK ROSE

BEFORE ME, the undersigned authority, on this day personally appeared Derreck Rose who by me being duly sworn deposes as follows:

"My name is DERRECK ROSE. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

I am a plaintiff in this case.

I acquired personal knowledge of these facts by among other things serving as Constable of Galveston County Constable Precinct 3 since 2004; attending Commissioner Court meetings; reviewing census figures and the DOJ submissions of Galveston County and other documents relevant to the matters stated herein.

Affidavit of Derreck Rose
Page **1** of **5**

On or about August 2, 2011, the Galveston County Commissioner Court posted an agenda item as follows: "Discuss and consider approval of a preliminary plan for county Commissioners, Justices of the Peace and the Constables Precinct Boundaries for the purpose of redistricting related to the 2010 Census submitted by County Judge"

Subsequently, in the minutes of the meeting the words "and consider approval of a" were struck through and no action was taken.

I attended three of the five public hearings that were scheduled to take place regarding the redistricting process in Galveston County.

During the public hearings public discussion was held with regard to a total of five different plan options. The law firm hired by the Galveston County presented two separate proposals for redistricting of County Commissioner precinct lines and one separate proposal for redrawing the Constable and Justices of the Peace precinct lines. Commissioner Stephen Holmes also presented an alternative plan for redistricting of County Commissioner lines as well as a proposal to retain the existing precinct lines for the Constable and Justices of the Peace precincts.

On August 30, 2011, the Galveston County Commissioners' Court adopted an order establishing boundaries of the Constable and Justices of the Peace Precincts in Galveston County. Prior to the adoption of that order there were a total of eight Constable precincts and nine Justice of the Peace Courts in Galveston County and a total of eight Constables and nine Justices of the Peace.

The plan adopted by the Galveston County Commissioners Court purports to reduce the number of Constables and Justices of the Peace in Galveston County from nine to five and alters

the boundaries of most of the eight current Constable and Justices of the Peace precincts in Galveston County.

In 1992 a Consent Judgment and Election Order was entered in the case of "Leroy Hoskins, et al. vs. John Hannah, et al." Civil Action No. G-92-12 in the United States District Court for the Southern District of Texas Galveston Division.

That judgment provided for the creation of a Constable precinct and a Justice of the Peace Court on Galveston Island consisting of voting precincts numbered 107, 108, 109, 310, 311, 313, 314.

The order further created a Constable Precinct and Justice of the Peace Court on the Mainland consisting of voting precincts 112, 129, 132, 133, 319, 330, 331, 334, 336 and 337.

The order specifically stated that the creation of these Constable and Justices of the Peace precincts "will create the opportunity for minority voters to participate in the political processes leading to the nomination and election of Justices of the Peace and Constables in Galveston County".

The proposed plan adopted by Galveston County Commissioners Court on August 30, 2011, dismantles the Constable Precincts and Justice of Peace Courts that were created by the 1992 court order. In fact, the present precinct 3 and precinct 2 are included in one large precinct that encompasses all of the Galveston Island and reaches across the causeway to include a portion of Texas City, a portion of Hitchcock and all of La Marque.

I presently serve as Constable of Precinct 3 which is one of the two minority opportunity precincts created by the 1992 court order. I am scheduled for re-election in November of 2012. The recently revised filing deadline for the primary has now been modified by federal court

order to take place between November 28, 2011 and December 16, 2011. At this time I do not know whether I will be filing to run for re-election in Galveston County Constable Precinct 3 as it presently exists or whether I will be required to file to run in the newly proposed boundaries of Galveston County Constable Precinct 3 which are completely different.

It is my understanding that the Department of Justice must grant preclearance before the Commissioner's Court order of August 30th, 2011 can be implemented. It is further my understanding that the Department of Justice has 60 days to issue their decision with regard to preclearance.

Galveston County did not submit their request for preclearance of the proposed plan adopted by the Galveston County Commissioner's Court until October 19, 2011, fifty days after the vote of the Galveston County Commissioners Court.

The 60 day period allowed to the Department of Justice will not expire with regard to the submission of Galveston County until after the recently revised filing deadline expires.

The proposed boundaries of new Constable Precinct 3 contain a much lower African American percentage of total voting age population than the existing boundaries of current precinct 3. The unexplained delay in the counties submission to the Department of Justice has resulted in a situation where I am unable to make an informed decision about when and where to file for re-election.

Therefore, I believe that I am entitled to have a federal court create an interim map for the 2012 election which will provide certainty to myself and other candidates presently serving and seeking to serve in the offices of Constable and Justices of the Peace in Galveston County.

Signed this _____ day of _____, 2011.

_____
DERRECK ROSE,
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____, 2011.

_____
NOTARY PUBLIC, STATE OF TEXAS