UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 3 0 2011

Clerk of Court

| | |
|---|---|
| THE HONORABLE TERRY PETTEWAY, et al. § § § Plaintiffs, § VS. § § THE HONORABLE MARK HENRY, et al. § § § Defendants. § | Civil Action No. G-11-511 |

## MOTION TO INTERVENE

Putative intervenors Timothy Paulissen, Todd Kinsey, and Heidi Thiess ("Intervenors") move, by and through counsel, to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b).

### I. INTRODUCTION

Intervenors move to intervene as a matter of right in this action, in which plaintiffs challenge the political boundary lines for constables, justices of the peace, and county commissioners established by the Galveston County Commissioners Court, and seek imposition of interim maps by this Court. In the alternative, Intervenors move for permissive intervention pursuant to Federal Rule of Civil Procedure Rule 24(b).

### II. THE NATURE OF INTERVENORS' INTEREST IN THIS CASE

Intervenors are citizens and registered voters residing in justice of the peace, constable, and county commissioner precincts that are affected by Galveston County's adopted redistricting plans. Intervenors have identical interests and standing to those asserted by plaintiffs in this cause.

## III. INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 24(a)(2), which governs motions for intervention as of right, provides:

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). An applicant must be granted leave to intervene if (1) the application for intervention is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties to the suit. *See Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007).

Intervenors meet each of these requirements.

The Intervenors' motion is timely. Under the first requirement, the Court is to consider four factors to determine whether application for intervention is timely:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be

intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). This case is just days old, and no answer is even yet due. No discovery has been conducted, and no evidence has been admitted. Particularly given the recent Thanksgiving holiday, this motion has been filed as quickly as practical. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977).

Intervenors satisfy the second requirement for intervention because they have an interest related to the transaction that is the subject of this suit, *i.e.*, Galveston County redistricting. Their interest, as citizens and registered voters of Galveston County, are identical to the interests of plaintiffs.

Intervenors satisfy the third requirement for intervention because they are situated so that the disposition of the action may, as a practical matter, impair or impede their ability to protect their interests. If this Court continued injunction of or adopted precinct boundaries for justices of the peace, constables, or county commissioners in Galveston County, as plaintiffs urge, such orders would impair Intervenors' constitutional and statutory rights. Intervenors deny the necessity of judicial action that would abrogate the proper legislative acts of Intervenors' elected representatives in establishing political boundaries for Galveston County; but, if the Court elects to take such actions, Intervenors have the same standing and interests as plaintiffs to submit evidence to the Court

regarding such matters.

Intervenors satisfy the fourth requirement for intervention because the applicants' interest is not adequately represented by the existing parties to the suit. Plaintiffs have asserted that this Court should abrogate the political boundaries established by Intervenors' duly elected representatives, which Intervenors deny. Plaintiffs have, during the legislative redistricting process, publicly offered, endorsed, and campaigned in favor of political boundaries that would have the purpose and effect of denying Intervenors constitutional representation based on principles of "one man, one vote"; and plaintiffs now clearly intend to seek imposition of such improper maps—which were rejected through the legislative process—through this litigation. Intervenors oppose plaintiffs' efforts, which threaten Intervenors' constitutional rights to representative government.

### IV. ALTERNATIVELY, INTERVENORS SHOULD BE ALLOWED PERMISSIVE INTERVENTION

If this Court determines that intervention of right is not appropriate, Intervenors request that the Court grant permissive intervention under Rule 24(b), which provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). Permissive intervention is appropriate where "an applicant's claim or defense and the main action have a question of law or fact in common." *Trans Chemical Ltd. v. China Nat. Machinery Import and Export Corp.*, 332 F.3d 815, 824 (5th Cir. 2003).

Here, the questions of law and fact presented by Intervenors are identical to those presented by plaintiffs. Denying Intervenors the right to participate in this action, and requiring them instead to file independent suits to enforce their own rights, would cause a multiplicity of lawsuits and create procedural chaos.

## V. CONCLUSION

For the foregoing reasons, this Court should grant Intervenors intervention of right under Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b).

KIESCHNCIK & DuCOTE, PLLC

By: _____
JEREMY B. DuCOTE
TBA No. 50511695
3027 Marina Bay Drive, Suite 204
League City, Texas 77573
Telephone (281) 538-9200
Facsimile (281) 538-9229

ATTORNEYS FOR INTERVENORS TIMOTHY PAULISSEN, TODD KINSEY, AND HEIDI THIESS

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1 of the Southern District of Texas, I certify that I have conferred with counsel for Plaintiffs and they are _OPPOSED_ to this motion; and I have conferred with counsel for Defendant and they are unopposed to this motion.

_____
Jeremy DuCote