UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE HONORABLE TERRY PETTEWAY, *et al.*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. G-11-511 |
| THE HONORABLE MARK HENRY, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ON MOTION FOR RECONSIDERATION

### I.

Before the Court is the plaintiffs' joint motion for reconsideration and for reinstatement of a temporary injunction. [Doc. No. 38]. Pursuant to that motion, the three-judge panel ("Panel Court") convened on January 10, 2012, engaged in dialogue and received arguments from counsel for the plaintiffs and the Galveston County defendants. The intervenors failed to appear. *See* [Note 2, Doc. No. 32, Dissenting Opinion]. The Court determines that the joint motion for reconsideration should be granted in part and that the determination of an interim plan should be taken under advisement.

### II.

In their motion for reconsideration, the plaintiffs point out that: (a) the Panel-Court vacated the District Court's order that granted a Temporary Restraining Order, leaving the Galveston County officials free to begin the process of implementing its unprecleared redistricting plan in violation of *Clark v. Roemer*, 500 U.S. 646 (1991) and 28 CFR 51.10; (b) the Department of Justice ("DOJ") will not begin the review process of Galveston County's

redistricting plan until it receives the information requested in its December 19, 2011, letter; and (c) the Galveston County defendants have not defaulted to the Benchmark Map from 2001.

The Galveston County defendants denied that they have begun the election implementation process. They asserted that they have no intentions of implementing Galveston County's unprecleared redistricting plan. Finally, the Galveston County defendants oppose the entry of a preliminary injunction, arguing again that the Panel Court should defer to the DOJ and the Supreme Court. *See Perez v. State of Texas*, [Civ. Action No. 5:11-CA-00360 (W. D. Tex.) 2011)].

### III.

After a careful consideration of the arguments presented and the timetable that is currently in place, the Panel Court determines that injunctive relief is appropriate. *See Roemer*, 500 U.S. 646; *see also* [Plaintiffs' Ex. No. 1, DOJ letter attached to Motion for Reconsideration (Dec. 19, 2011)]. However, the time frame for DOJ review and/or a decision in the impending litigation that may impact Galveston County is perhaps imminent, and therefore, implementing an interim plan may yet be premature.

It is, therefore, ORDERED that the plaintiffs' Motion for Reconsideration is Granted in part without prejudice. Galveston County, its agents, contractors and assigns are ENJOINED from doing *any* act that begins the process of implementing an unprecleared election plan for the 2012 Primary Election, without prior approval of the Panel Court.

It is so **ORDERED**.

SIGNED and ENTERED, this 20th day of January, 2012.

_____ /by permission
Emilio M. Garza
United States Circuit Judge

_____
Kenneth M. Hoyt
United States District Judge

_____
Melinda Harmon
United States District Judge