IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HONORABLE TERRY PETTEWAY, | § | |
| HONORABLE DERRECK ROSE, | § | |
| HONORABLE MICHAEL MONTEZ, | § | |
| HONORABLE PENNY POPE, | § | |
| HONORABLE SONNY JAMES, | § | |
| HONORABLE STEPHEN HOLMES, | § | |
| HONORABLE PATRICK DOYLE and | § | |
| ROOSEVELT HENDERSON, | § | |
| | § | Civil Action No. 3:11-cv-511 |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | |
| | § | |
| GALVESTON, TEXAS; and | § | |
| THE HONORABLE MARK HENRY, in his | § | |
| capacity as Galveston County Judge | § | |
| | § | |
| *Defendants* | § | |

## ORDER GRANTING ATTORNEYS FEES

The Plaintiffs' Motion for Attorneys Fees was heard by the Court on _____ 2012. Pursuant to 42 U.S.C. §§1973l(e) and 1988, Plaintiffs have asked this Court for an award of attorneys fees and costs. This action was brought pursuant to the Section 5 Voting Rights Act of 1965, (as amended), 42 U.S.C. §1973c, challenging the failure of the Defendant to secure the necessary preclearance required by the Act for voting changes adopted in 2011 redistricting Commissioners, Justice of Peace and Constable precincts. By order of this Court the effects of the changes were enjoined until the changes were precleared.

The Supreme Court has determined that civil rights plaintiffs are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit

1

the parties sought in bringing the suit." *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In other words, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [it] and the defendant," *Texas State Teachers, 489* U.S. *at 792.* In this case, this Court granted Plaintiff's motion to enjoin the use of unprecleared election changes, and approved modifications to the election schedule and requirements in order to facilitate the conduct under newly precleared redistricting plans for the May 29, 2012 eleciton. The Defendants consistent with their obligation under Section 5, and secured the required federal approval different redistricting plans for County Commissioner and abandoned the challenged voting procedures. This was precisely the relief Plaintiffs requested and to which they were entitled under Section 5. Therefore, Plaintiffs are prevailing parties and entitled to an award of attorney's fees.

In determining the amount of fees, a court should "(1) ascertain the nature and extent of the services supplied by the attorney, (2) value the services according to the customary fee and quality of the legal work, and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case." *Alberti v. Klevenhagen*, 927 F.2d 927, 930 (5th Cir. 1990); quoting *Leroy v. City of Houston*, 831 F.2d 576, 583 n.11 (5th Cir. 1987), cert. denied, 486 U.S. 1008 (1988).

Plaintiffs have included and attached to their motion the affidavits and time records of Plaintiffs' attorneys in this cause, Jose Garza and Melissa Killen. The exhibits show the following hours devoted to the case by Plaintiffs' attorneys:

>  Jose Garza – 121.25 hours
>  Melissa Killen – 155.35 hours

In addition, Plaintiffs have submitted the affidavit of an expert witness who has testified that he has reviewed pleadings in the case and examined plaintiffs' attorneys' time records and believes they are reasonable. This Court finds Plaintiffs' evidence credible.

After determining the number of reasonable hours the court then determines the appropriate hourly rate based on prevailing market rates. Here Plaintiffs have submitted an affidavit of an expert witness that testifies that an appropriate hourly rate for attorneys of the experience and expertise of Plaintiffs' counsel Jose Garza is $425 per hour and for Melissa Killen $325.00 per hour. (Exhibit 3). In addition, Plaintiffs have submitted as exhibit 4, a stipulation by the State of Texas that in 2001, Jose Garza's prevailing market rate was $325 per hour. The Court finds that the prevailing market rate for Jose Garza in this case is $425.00 per hour and that for Melissa Killen $325.00 per hour.

Based on the evidence presented and the record of this case this Court finds that Plaintiffs are entitled to an award of attorneys fees as follows:

> Jose Garza 121.25 hours @ $425.00 =        $51,531.25
> Melissa Killen – 155.35 hours @ $325.00 per hour = $50,488.75
>                    Total attorneys' fees - $102,020.00

Plaintiffs are also entitled to the costs of litigation, including expert witness costs. In this case costs included such items as filing fees, deposition costs and travel expenses. The Court finds after reviewing the relevant evidence presented that the following are the reasonable costs associated with prosecuting this case:

> Jose Garza - $2,879.17
> Melissa Killen – $1,896.25
> Expert Witness Costs (G. Korbel- merits) - $35,580.00
> Expert Witness Costs (R. Gray- fees) - $1,062.50
>
> Total Costs - $41,417.92

3

Based on the foregoing, the relevant pleadings and the exhibits this Court finds that Plaintiffs are hereby awarded reasonable attorneys' fees and costs as follows:

> Attorney's fees for Jose Garza and Melissa Killen- $102,020.00
> Out of pocket costs for Jose Garza and Melissa Killen - $4,775.42
> Expert Witness cost (merits)  - $35,580.00
> Expert Witness cost (fees) - $1,062.50

Total fees and costs -                $143,437.92

Therefore, based on the arguments of the parties, pleadings and evidence presented to the Court, it is the opinion of the Court that Plaintiffs' Motion for Attorney's Fees should and is hereby GRANTED and Plaintiffs are AWARDED a reasonable attorneys' fee as described above.

It is therefore ORDERED that the Defendant, to tender to Plaintiffs attorneys, Jose Garza and Melissa Killlen, reasonable attorneys' fees and costs as detailed above.

ENTERED THIS  22nd  DAY OF  May , 2012.

_____
UNITED STATES DISTRICT JUDGE